UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT LOFTUS,

                Plaintiff,

   -against-

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

                Defendant.

20-cv-7290 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Loftus has moved for reconsideration of this Court's Opinion & Order granting the motion of defendant Financial Industry Regulatory Authority, Inc., ("FINRA") to dismiss his claim that he had a right to a hearing on the merits of his petition to expunge the disciplinary finding against him made by FINRA. (Plaintiff's Motion for Reconsideration, ECF No. 26.) *See also Loftus v. FINRA*, 2021 WL 325773 (S.D.N.Y. Feb. 1. 2021).

    This dispute arises from a 2017 FINRA disciplinary proceeding against Loftus which resulted in an agreed-upon disciplinary order that suspended him from practicing as a licensed stockbroker for three months; imposed a $5,000 fine; and found that he had engaged in check-kiting. The details of the order and Loftus's subsequent challenges to it are set forth more fully in this Court's Opinion granting FINRA's motion to dismiss the complaint in this action. *Loftus*, 2021 WL 325773, at *1–*2. The settlement provided that the resulting disciplinary order would "become part of [his] permanent disciplinary record" and would "be made available through FINRA's public disclosure program." (Declaration of John Mitchell Ex. F. at 8, ECF No. 16.) In the disciplinary order, Loftus also waived his right to appeal or "otherwise to challenge or contest [the order's] validity. . . ." (*Id.*)

    In the dispositive Opinion that Loftus now asks the Court to reconsider, the Court granted FINRA's motion to dismiss the litigation for a lack of subject matter jurisdiction, finding that Loftus had failed to exhaust his administrative remedies and that he had no legal right to an expungement hearing. *Loftus*, 2021 WL 325773, at *3–*4. Loftus now seeks reconsideration and relief from that judgment pursuant to Rules 59(e), 60(b)(2), and 60(b)(6) of the Federal Rules of Civil Procedure, contending that new evidence – namely, that his subsequent appeal to FINRA's National Adjudicatory Council ("NAC") was denied – provides grounds for this Court to deny, rather than grant, FINRA's motion to dismiss the complaint. Loftus also makes an appeal to the Court's inherent power to revisit its prior decision. (Mem. at 6, 14–16, ECF No. 26.)

1

## I. Motion for Reconsideration

Plaintiff moves for "re-consideration and other such relief based on newly available evidence." (Mot. at 1, ECF No. 26.) To the extent he moves for reconsideration, Loftus asks for relief pursuant to Fed. R. Civ. P. 59(e). Local Civil Rule 6.3 is also applicable to Loftus's motion for reconsideration; that local rule requires movants for reconsideration to serve notice within fourteen days following the entry of judgment. Rule 59(e) requires that a motion under that provision "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court's judgment granting defendant's motion to dismiss the complaint was entered on February 2, 2021. (Judgment, ECF No. 25.) Loftus filed this motion for reconsideration almost one year later, on January 29, 2022. Therefore, the motion for reconsideration is time-barred, and relief pursuant to either Rule 59(e) or Local Civil Rule 6.3 is denied.

## II. Motion for Relief from Judgment

Plaintiff also seeks relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. Specifically, he contends that the Court should grant him relief pursuant to Fed. R. Civ. P. 60(b)(2), or, alternatively, Rule 60(b)(6). The Court considers each sub-section in turn.

*A. Rule 60(b)(2)*

Rule 60(b)(2) provides that "the court may relieve a party . . . from a final judgment or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The standard for relief under Rule 60(b)(2) is "an onerous [one] to meet," whereby:

> [T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quoting *United States v. Int'l Bhd. of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).

The only "newly discovered evidence" Loftus highlights is the NAC's denial of his appeal. This is categorically *not* newly discovered evidence that would satisfy the strictures of Rule 60(b)(2) because it is not evidence that "existed at the time of trial or other dispositive proceeding." *Teamsters*, 247 F.3d at 392. Indeed, Loftus initiated his appeal to the NAC *after* this Court dismissed his suit and in response to that dismissal. (*See* Mot. at 4, ECF No. 26.) Such evidence is therefore insufficient to warrant Loftus relief from judgment under Rule 60(b)(2).

### B. Rule 60(b)(6)

Rule 60(b)(6) permits a court to "relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is "only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). The Court is unable to conclude either that "extraordinary circumstances" requiring relief are present here or that "failure to grant relief would work an extreme hardship" on Loftus, who consented to FINRA's disciplinary order. *See id.*

### III. Motion for Relief pursuant to the Court's Inherent Powers

Loftus's appeal to the Court's inherent powers to alter its prior decision in order to prevent "manifest injustice" is similarly unavailing. In sum and substance, this appeal duplicates Loftus's original claim that the Court should direct FINRA to expunge its disciplinary finding "based upon the reasonableness of his request and the fundamental equities therein." (Complaint ¶ 63, ECF No. 7.)

The Court reiterates that FINRA is "a private corporation and self-regulatory organization, . . . not a state actor, and courts have spoken in one voice in rejecting attempts to challenge its enforcement actions on the basis of due process." *Loftus*, 202 WL 325773, at *5 (collecting cases). Moreover, here lies no "manifest injustice": Loftus consented to the disciplinary order entered against him and waived his right to appeal that order.

The Court therefore declines to use its equitable power to revisit its earlier opinion.

### IV. Conclusion

Loftus's motion for reconsideration and relief fails under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e), 60(b)(2), and 60(b)(6). It is hereby denied.

Dated:  New York, New York
        July 20, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3